———o———

No. 3831.

(Court of Appeal, Parish of Orleans.)

MRS. FLORENCE P. WILLIAMS vs. METROPOLITAN BANK et al.

1. By Section 2897 of the Revised Statutes a special privilege is granted in favor of attorney's at law for the amount of their professional fees on all judgments obtained by them, to take rank as a first privilege thereon.

2. The rule of law that an attorney cannot receive in settlement of his client's claim anything but cash does not effect the right of the attorney to dispose of his fee as he deems proper and to use

it to take up a note due personally by him to the judgment debtor.

Appeal from Civil Court, Divisions "B. & C."

Solomon Wolff, for Plaintiff and Appellant.

J. C. Davey, Jr., Dinkelspiel & Hart, for Defendant and Appellee.

DUFOUR, J. The petition alleges that on June 2d, 1902, petitioner obtained a judgment against the Metropolitan Bank for $4369.81 with interest from November 30th, 1899, and, that, in the same proceeding, judgment was rendered in favor of Pierson, administrator and against petitioner for $2358.92 with interest, leaving a net balance in favor of petitioner of $2010.89, that her counsel in said proceeding have partially accounted to your petitioners for $1499.89, alleging it was all they had collected from the Bank, leaving a balance of $511 due on said judgment for which said bank is liable.

It is further claimed that the bank is also indebted to petitioner in the sum of $452.15, because, in that suit Sholars Son, her attorney, had improperly relinquished interest and released the bank from the payment thereof.

So far as the last item is concerned it is sufficient to say that the judgment did not allow it. Whatever may have been the motives leading to its rendition, we are powerless to revise it collaterally in this proceeding; the remedy in such cases is by appeal or by action in nullity. In reference to the first items claimed, it appears that this suit is an echo of the Gragard litigation, in which plaintiff sued to recover for the value of her cotton and did recover the same, being at the same time condemned to pay the bank the amount which it was shown was due by her to the Succession of Gragard.

Mr. Hart, of the local bar, attorney of the Metropolitan Bank, makes the following statement:

"I desire to state that while this matter was pending Mr. Sholars came to me and asked me if he could not get an advance from the bank on acocunt of his fee in this matter. He said that his fee was fifty per cent and he would like to borrow five hundred dollars and pledge his fee to secure that $500, and I arranged that

matter for him with the bank, and when the judgment was paid that note was paid.

The loan was extended and for it Sholars gave his note; when the settlement was made on the judgment, the bank retained the amount of its claim with interest, in all $511, and paid the balance in cash to Sholars. The latter refused to turn over the whole of the balance to Mrs. Williams, who, now seeks to compel the bank to pay over again.

With that controversy, the bank has no concern.

While it is true, under the authorities, that the judgment debtor is not exonerated unless he pay the judgment in legal currency and that the creditor's attorney is not authorized to accept any other mode of settlement for his principal, it is equally true that the attorney may act as he deems proper in reference to his own money.

Section 2897 R. S. gives an attorney a special privilege for the amount of his professional fee on the judgment obtained by him, which ranks as a first privilege. He had the right to first take out his fee and the balance only was collected for the benefit of his client whether the attorney took his share in cash or by surrender of his note .in his own affair which can afford the client no valid cause for complaint.

Without inquiring into the claim of Sholars that his fee was to be fifty per cent, and passing by the compromise settlement made latter on that basis with Sholars by a subsequent attorney of Mrs. Williams, who now repudiates the compromise as unauthorized, we find that her husband, as her agent, makes the following admissions.

"The fee was to be ten per cent on the value of the cotton; the fee to be absolute; no conditions attached."

The judgment against the bank for the value of the cotton amounted at the time of its collection, principal and interest, to $5116.03; Sholars admitted fee of ten per cent was therefore sufficient to take up the note for which he had pledged his fee.

So far as the bank's connection with the matter is concerned, we find nothing improper, irregular or illegal, and it cannot be

made to respond for the unfaithfulness of plaintiff's counsel.

Judgment affirmed.

June 13th, 1906.

Rehearing refused June 29, 1906.

Writ refused by Supreme Court Aug. 17, 1906.